HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON E. BROWN,<br><br>Defendant. | Case No. CR03-5504RBL<br>C09-5127RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion Pursuant to 28 U.S.C. §2255. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

On March 17, 2004 the defendant pled guilty to being a felon in possession of a firearm. After multiple continuances and a change of counsel, the defendant was sentenced on May 25, 2006 to 150 months imprisonment. At sentencing, the Court determined that the defendant qualified as an armed career criminal under 18 U.S.C. §924(e) based on his prior convictions for arson, second degree burglary, and residential burglary. On May 21, 2007, the United States Court of Appeals affirmed in an unpublished memorandum this Court's determination that the defendant qualified as an armed career criminal. The defendant brings the instant motion challenging the finding of armed career criminal status based upon the recent Supreme Court decision in *Begay v. United States*, 128 S. Ct. 1581 (2008).

For the purpose of deciding this motion only, the Court will assume that *Begay* applies retroactively and that the defendant's claim is not procedurally barred.

Less than one year after the defendant was sentenced, the Supreme Court decided the scope of the second clause of the Armed Career Criminal Act. The Act provides that

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that -
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. §924(e)(2)(B). On certiorari from the Tenth Circuit, the Supreme Court was presented with the question of whether New Mexico's felony offense of driving under the influence of alcohol (DUI) qualified as a violent felony for purposes of 18 U.S.C. §924(e). The lower courts held that the DUI convictions qualified as violent felonies on the ground that they "otherwise involve[d] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §924(e)(2)(B)(ii); *Begay*, 128 S. Ct., at 1584. The Supreme Court held that the DUI convictions did not qualify. They held that the residual clause was limited by the listed crimes that preceded it – burglary, arson, extortion, and crimes involving the use of explosives. Thus, the clause only extends to crimes similar to the listed crimes. *Id*, at 1584-86.

The defendant argues that after *Begay* courts must analyze the defendant's prior convictions for the listed crimes – arson, burglary, extortion, and crimes involving the use of explosives – and determine if they factually involved the serious risk of potential injury. The defendant is incorrect. The *Begay* Court merely defined the scope of the residual clause in 18 U.S.C. §924(e)(2)(B)(ii). The decision in no way affects the defendant's three burglary convictions.

To the extent the defendant argues that his three burglary convictions should be treated as one conviction, his argument is foreclosed by *United States v. Phillips*, 149 F.3d 1026 (9th Cir. 1998).

Defendant's Motion Pursuant to 28 U.S.C. §2255 and Motion for Summary Judgment are **DENIED**.

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 9th day of November, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 3